IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-151-D

| | |
|---|---|
| TOWN OF BELLHAVEN, N.C., THE NORTH CAROLINA NAACP STATE CONFERENCE OF BRANCHES, THE HYDE COUNTY NAACP BRANCH, and THE BEAUFORT COUNTY NAACP BRANCH, <br><br> Plaintiffs, <br><br> v. <br><br> PANTEGO CREEK, LLC, and VIDANT HEALTH, INC., <br><br> Defendants. | **ORDER** |

On August 19, 2014, defendants Pantego Creek, LLC, and Vidant Health, Inc., filed a notice of removal pursuant to 28 U.S.C. §§ 1441(a) and 1446 [D.E. 1]. When defendants removed the action, a state court temporary restraining order was in effect. On September 2, 2014, defendant Vidant Health, Inc., ("Vidant Health") filed a motion for declaratory relief or, in the alternative, a motion to dissolve the state court temporary restraining order [D.E. 13] and a supporting memorandum [D.E. 14]. Plaintiffs did not respond to the motion.

The temporary restraining order that the North Carolina Court of Justice, Superior Court Division issued on August 14, 2014, expired on August 25, 2014. See [D.E. 13-1]. The temporary restraining order no longer has any effect on the defendants. See, e.g., Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439–40 (1974). Moreover, any order that the North Carolina Court of Justice, Superior Court Division issued after removal, including any order entered on August 25, 2014, is void. See, e.g., Ackerman v. ExxonMobil Corp., 734 F.3d 237, 249 (4th Cir.

2013); Yarnevic v. Brink's Inc., 102 F.3d 753, 754 (4th Cir. 1996); 28 U.S.C. § 1446(d).

In sum, the court GRANTS Vidant Health's motion for declaratory relief and to dissolve the state court temporary restraining order [D.E. 13].

SO ORDERED. This 15 day of October 2014.

JAMES C. DEVER III
Chief United States District Judge