IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
FILE NO. 4:14 cv 151-D

| | |
|---|---|
| TOWN OF BELHAVEN, NC, and ) | |
| NORTH CAROLINA NAACP STATE ) | |
| CONFERENCE OF BRANCHES, THE ) | |
| HYDE COUNTY NAACP BRANCH, ) | |
| THE BEAUFORT COUNTY NAACP ) | |
| BRANCH, and the PUNGO DISTRICT ) | |
| HOSPITAL COMMUNITY BOARD, ) | |
| Plaintiffs, ) | **MOTION TO REMAND THIS CASE** |
| ) | **TO BEAUFORT COUNTY SUPERIOR** |
| v. ) | **COURT BECAUSE IT PRESENTS** |
| ) | **NO FEDERAL QUESTION** |
| UNIVERSITY HEALTH SYSTEMS ) | |
| OF EASTERN CAROLINA, INC., ) | |
| d/b/a Vidant Health and PANTEGO ) | |
| CREEK, LLC, ) | |
| Defendants. ) | |

Plaintiffs North Carolina NAACP State Conference of Branches, the Beaufort County

NAACP Branch, the Hyde County NAACP Branch (collectively "NAACP"), the Town of

Belhaven, N.C. ("Belhaven") and the Pungo District Hospital Community Board, by and

through their undersigned counsel, respectfully move this court to remand this state lawsuit,

erroneously removed to this court by Defendants shortly after Plaintiffs were granted a

Temporary Restraining Order by the State Court which had jurisdiction over the lawsuit,

ordering Defendants to maintain the status quo at the Pungo District Hospital in downtown

Belhaven. In support of this Motion, Plaintiffs file the accompanying Memorandum of Law.

Plaintiffs pray the Federal Court to expeditiously remand this State case to the original jurisdiction of the Superior Court of Beaufort County, North Carolina and grant any other relief the Court believes is in the interest of justice.

/s/_____
John B. Tate III
North Carolina State Bar #29822
Attorney for the Town of Belhaven and the
Pungo District Hospital Community Board
P.O. Box 700
Chocowinity, NC 27817
Tel: 252-974-1122
Fax: 252-974-1222
jbtate3@embarqmail.com

/s/_____
Alan McSurely
North Carolina State Bar # 15540
Attorney for NAACP
415 W. Patterson Place (New Address)
Chapel Hill, NC 27516
Phone: (919) 381-0856 (New Phone Number)
lawyers@mcsurely.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Clerk of Court using the CM/ECF System, will send notice of the foregoing Motion to Remand with Exhibit A, and an accompanying Memorandum of Law to the following CM/ECF users:

> Gary S. Qualls
> Susan Hackney
> Kathryn F. Taylor
> K & L Gates LLP
> 430 Davis Drive, Suite 400
> Morrisville, NC 27560
> Attorneys for Defendant/Remover
> University Health Systems of E. Carolina, Inc. d/b/a Vidant Health
> and
> Scott C. Hart
> Sumrell, Sugg. Carmichael, Hicks & Hart, P.A.
> P.O. Box Drawer 889
> New Bern, NC 28563
> Attorney for Defendant/Remover

Respectfully submitted this 20th day of October 2014

> _____/s/_____
> John B. Tate III
> North Carolina State Bar #29822
> Attorney for the Town of Belhaven and the
> Pungo District Hospital Community Board
> P.O. Box 700
> Chocowinity, NC 27817
> Tel: 252-974-1122
> Fax: 252-974-1222
> jbtate3@embarqmail.com

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
FILE NO. 4:14 cv 151-D**

TOWN OF BELHAVEN, NC, and the )
NORTH CAROLINA NAACP STATE )
CONFERENCE OF BRANCHES, the )
HYDE COUNTY NAACP BRANCH, )
the BEAUFORT COUNTY NAACP )
BRANCH, and the PUNGO DISTRICT )
HOSPITAL COMMUNITY BOARD, )
          Plaintiffs, )   MEMORANDUM OF LAW TO SUPPORT
                          )   THE MOTION TO REMAND THIS CASE
                          )   TO BEAUFORT COUNTY SUPERIOR
          v.           )   COURT BECAUSE IT PRESENTS
                          )   NO FEDERAL QUESTION
PANTEGO CREEK, LLC and VIDANT )
HEALTH, INC., )
          Defendants. )

### MEMORANDUM OF LAW

      Plaintiffs in this exclusively state action -- the North Carolina NAACP State Conference of Branches, the Beaufort County NAACP Branch, the Hyde County NAACP Branch (collectively "NAACP"), the Town of Belhaven, N.C. ("Belhaven") and the Pungo District Hospital Community Board -- by and through their undersigned counsel, respectfully move this court to remand their state lawsuit to the Beaufort County, North Carolina state court, where they filed a complaint and motion for a TRO, and where they filed, as of right, an amended complaint ten days later, when the TRO that was granted by the state court was set to expire.

### STATEMENT OF CASE

      On 14 August 2014 the NAACP and Belhaven filed the original complaint in this action with the clerk at the Beaufort County, North Carolina, Superior Court. Its two claims were headed "Civil Rights" and "Unfair Trade Practice." (Document 1-1, U.S. Eastern Division, Eastern District of North Carolina File, page 5 of 27, hereinafter cited as "Court File Document 1-1, page 5 of 27.")

The Unfair Trade Practice claim was based on N.C. Gen. Stat. 75-1.1. The "Civil Rights claim was based on N. C. Gen. Stat. 99D, the chapter entitled "Civil Rights." Plaintiffs omitted the reference to the N.C. General Statute chapter number in the original complaint. When it became evident from remarks made by Defendants' counsel that they were not aware of this chapter, Plaintiffs corrected the omission in their Amended Complaint, filed as of right and personally served on Defendants ten days later. A copy of the Amended Complaint is attached to this Memorandum of Law as Exhibit A. N. C. Gen. Stat. 99D tracks the facts and pleadings of this case. It authorizes persons to apply to state courts to "restrain and enjoin" two or more persons motivated by race and other protected classes, from making direct or indirect threats to do physical harm to persons or property, and it authorizes the award of compensatory and punitive damages to plaintiffs when damages are proven.

## REASONS FOR REMAND

<u>1. The Unenforceable Mediated 'Agreement'</u>

Defendants' removal papers imply they believed the Federal Court has jurisdiction over these state claims because, in the original complaint to the state court, Plaintiffs made the state court aware of an administrative complaint one of them, the NAACP, had filed under Title VI of the U.S. Civil Rights Act of 1964, as amended, against the Defendants.[1] Defendants represented to this Court that the state lawsuit "arose . . .under Title VI of the Federal Civil Rights Act of 1964." They specifically represented to this Court that Plaintiffs "complain that Defendant Vidant has not performed duties that it undertook in a mediation concerning Title VI complaints that Plaintiffs have also filed with the U.S. Department of Justice and the U.S. Department of Health and Human Services." (Court File Document 1 Page 2 of 5)

Defendants failed to point out to this court that the mediation agreement distinctly waived any rights of any party to seek enforcement of the agreement from any court. The 'agreement' is explicit about its unenforceability. It provides that all parties agree the "terms and conditions

---

[1] Plaintiff NAACP recently learned the federal agency charged with responding to the administrative complaint was opening its investigation, since the two defendants, on July 1, 2014, closed the Pungo District Hospital in Belhaven. The purpose of the federal investigation is to determine the impact this closure has on racial minorities.

contained herein are non-contractual and create no independent contractual obligation and/or duties upon any of the parties hereto." The 'agreement' expressly stated that all parties "distinctly understood and agreed that no party to this Agreement shall institute or prosecute any judicial or administrative proceedings of any kind or nature to enforce any of the terms and conditions herein." (Court File Document 1-1, page 17 of 27)

In short, the 'agreement' is not an enforceable contract. Its precatory declarations signified nothing to any court. Its execution was conditioned upon the good faith of the parties, despite its high sounding promises and the solemn signing ceremony.[2] It is <u>not</u> enforceable in any court of law, federal or state. Its execution rested on the good faith of the parties, who "distinctly understood and agreed" they had no rights to seek any federal or state "judicial proceedings of any kind or nature to enforce any of the terms in this Agreement." (*Id.*)

Having waived their right to enforce the agreement in "any judicial proceeding," it seems ironic Defendants now seek to remove our purely state claims against them, based on state statutes[3] by arguing to this Court it has federal jurisdiction to enforce a voluntary mediated 'agreement' which all parties agreed was not enforceable in any court.

2. Urgency of this Matter

The urgency of this case remains. It was first filed as an *ex parte* Complaint and Motion for a Temporary Restraining Order to stop the demolition of the Hospital building by neglect and by bulldozers. When the State Court was notified that its jurisdiction over the case had been taken from it, it elicited oral promises in open court from the two defendants to maintain the status quo of the Hospital building and grounds, as the Court had earlier ordered. Each day that goes by with the ownership of the building in question, and the ability of Plaintiff Belhaven and its Community Board to re-open and administer the hospital resting in legal limbo, is a threat to the lives of people in the service area. These and other imminent and irreparable actions, sworn to by the Mayor of Belhaven in the original and amended complaints before this Court, beg for this

---

[2] Vidant's CEO signed the 'agreement' at a ceremony on 3 April 2014 in front of the historic Pungo District Hospital, built in 1948, to serve the people of the eastern part of Beaufort County and all of Hyde County ever since.

[3] The Amended Complaint Plaintiffs filed on 23 August 2014 in Beaufort County Superior Court, added a third state claim, *Reversion of Title,* to the *Civil Rights* and *Unfair Practice* Claims. The *Reversion* claim is based on Chapter 659 of the North Carolina General Assembly Session Laws of 1947, which granted Plaintiff Belhaven the authority to "convey for the use of a hospital to be operated by a non-profit, non-stock corporation which may be organized for said purpose, that part of Allen Street 100 feet wide extending from Front Street southwestwardly to Pantego Creek." See the 1947 Warranty Deeds and Statute exhibits to Exhibit A to this Motion.

court's immediate attention to this Motion to Remand. This case should be remanded immediately to the State Court that had original jurisdiction.

PRAYER FOR RELIEF

Plaintiffs pray the Federal Court to expeditiously remand the jurisdiction of this State case to the Superior Court of Beaufort County, North Carolina and grant any other relief the Court believes is in the interest of justice.

_____/s/_____

John B. Tate III
North Carolina State Bar #29822
Attorney for Belhaven and Pungo Hospital Community Board
P.O. Box 700
Chocowinity, NC 27817
Tel: 252-974-1122
Fax: 252-974-1222


_____/s/_____

Alan McSurely
North Carolina State Bar # 15540
Attorney for NAACP
415 W. Patterson Place (New Address)
Chapel Hill, NC 27516
Phone: (919) 381-0856 (New Phone Number)
lawyers@mcsurely.com

NORTH CAROLINA
COUNTY OF BEAUFORT

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 697

TOWN OF BELHAVEN, NC,                    )
NORTHE CAROLINA NAACP,  and              )
PUNGO DISTRICT HOSPITAL                  )
COMMUNITY BOARD,                         )
         Plaintiffs,                     )       AMENDED as of RIGHT
                                         )       COMPLAINT AND MOTION
         v.                              )         FOR TEMPORARY
                                         )       RESTRAINING ORDER
UNIVERSITY HEALTH SYSTEMS                )
OF EASTERN CAROLINA, INC.,               )
d/b/a Vidant Health and PANTEGO          )
CREEK, LLC                               )
         Defendants.                     )

NOW COME Plaintiffs, pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, to Amend as of Right their Complaint filed on 14 August 2014 in Beaufort Superior Court, and state as follows:

### PARTIES

1.    Plaintiff Town of Belhaven, North Carolina ("Town") is a North Carolina municipal corporation located in Beaufort County.

2.    Plaintiff North Carolina State Conference of National Association for the Advancement of Colored People Branches ("NC NAACP") is a North Carolina non-profit corporation, with its principal offices in Durham, North Carolina.

3.    Plaintiff Pungo District Hospital Community Board is a group of public officials that is in the process of incorporating in preparation to re-open and operate the Pungo District Hospital in downtown Belhaven, a hospital that, save for a short period from September 2011 to July 2014, has been operated by this type of community board since 1948, when it was built with U.S. taxpayers funds in 1948 through the Hill-Burton rural hospital program on land deeded to the Town of Belhaven by citizens of Belhaven to be used as a hospital.

4.    Upon information and belief, Defendant Pantego Creek, LLC ("Pantego") is a North Carolina non-profit limited liability company whose principal office is listed in Beaufort County.

5.    Upon information and belief, Defendant University Health Systems of Eastern Carolina, Inc. ("Vidant") is a North Carolina non-profit corporation whose principal office is located in Pitt County, North Carolina.

6.    Upon information and belief, Vidant controls Pantego by funding its activities.

## FACTS

7.    On or about July 24, 2014, Defendant Pantego filed a deed listing itself as the record owner of the land and buildings attached to the land that is the subject of this Complaint (the "Property") located in downtown Belhaven, Beaufort County, North Carolina. The deed is a Non-Warranty Deed recorded in Book 1850, page 87, in the Office of the Register of Deeds of Beaufort County. A copy of this deed is attached hereto as Plaintiff's Exhibit "A".

8.    By Plaintiff's Exhibit A, Defendant Vidant purported to conveyed the real property and improvements located at the Property to Pantego.

9.    Upon information and belief, Pantego's sole source of funding to date has been a contribution from Vidant in the amount of $50,000 pursuant to paragraph 2.3.4 of the Agreement and Plan of Change of Control, dated September 30, 2011, between Vidant and Pungo.

10.   The Plaintiffs and Vidant voluntarily negotiated an Agreement in April 2014 where Vidant agreed to transfer to the Town the new Pungo District Hospital Community Board the Property no earlier than July 1, 2014, or as soon thereafter as the Pungo District Hospital Community Board was ready to begin operating the Hospital.

11.   Vidant operated the Property until July 1, 2014, when it locked the Hospital doors for good, and posted a sign on the door of the Hospital that told potential patients that if they had an emergency, "call 911."

12.   All three plaintiffs have expressed interest in opening mediation and have invited Pantego to join the talks.

13.   Town officials have observed equipment and other items being removed from the Property in recent days. On August 13, 2014, a crane arrived at the Property, on information and belief to remove oxygen tanks from the Property.

14. Upon information and belief, on August 11, 2014, a Vidant representative told the Town building official that equipment was being removed from the Property and that, upon completion of such removal in a week to ten days, the air conditioning and de-humidifiers would be switched off.

15. Upon information and belief, if the air-conditioning and de-humidifiers are turned off, mold and mildew will quickly begin to grow, which will render the building unusable within a fairly short time.

16. Upon information and belief, Defendants have withheld information and have not acted in good faith in the performance of their duties under the Agreement.

17. Upon information and belief, Vidant has agreed to contribute to Pantego, pursuant to a Transfer Agreement dated March 17, 2014, the sum of $800,000 to demolish the building on The Property.

18. Upon information and belief, Vidant has a financial interest in closing the Hospital and referring hospital patients to other Vidant-operated hospitals in the area.

19. Upon information and belief, closing the Hospital has resulted, and will result, in a significant degradation of medical services to citizens in protected classes, specifically minority and poor persons.

20. The Town continues to seek control over the only hospital with an emergency room to serve the people of Belhaven and surrounding areas within 30 miles.

21. The Belhaven Town Council has instructed its Town Attorney to begin the process of seeking eminent domain pursuant to N.C. Gen. Stat §§160A-240.1 and 40A-1 et. seq. to re-assert its ownership of the Property.

### FIRST CLAIM FOR RELIEF - VIOLATION OF CIVIL RIGHTS

22. Paragraphs 1-21 are hereby incorporated by reference into this Claim for Relief.

23. Defendants have violated and are engaging in a continuing conspiracy to violate the civil rights of the citizens of Belhaven and surrounding areas by closing the Hospital's Emergency facilities, probably contributing to at least one death, and probably others until this Court takes emergency injunctive action, pursuant to its power under N.C. Gen. Stat. §99D-1. Defendants, acting in concert to implement a common plan, and motivated by race and ethnicity, have interfered and are continuing to interfere with the exercise and enjoyment by other persons of a right secured by the Constitution of North

Carolina and rights secured by laws of North Carolina that enforces, interprets or impacts on their North Carolina Constitutional rights; and that the Defendants and persons acting in their behalf so engaged in this conspiracy have used repeated harassment, and contributed to physical harm to persons in need of the Pungo District Hospital Emergency Facilities that closed on 1 July 2014, and have made threats of physical harm to persons and to The Property.

24. Defendants and agents acting in their behalf have, in furtherance of the object of their conspiracy, committed acts and threats of acts of physical harm to people in need of an Emergency Room services within an hour of their location when a physical emergency arises, and have removed equipment, neglected routine building and equipment upkeep maintenance, and have threatened to turn off power for dehumidifiers and air conditioning necessary to maintain the building, its equipment, and its grounds in good order until Plaintiffs are ready to take possession of the Property. Defendants are acting in concert engaging in acts that violate and will continue to violate the rights of Plaintiffs and people represented by Plaintiffs, to the right to life and to maintaining The Hospital.

## SECOND CLAIM FOR RELIEF - UNFAIR TRADE PRACTICE

25. Paragraphs 1-24 are hereby incorporated by reference into this Claim for Relief.

26. Upon information and belief, Vidant planned to close the Hospital at the time Vidant bought the Hospital.

27. Vidant's purchase of the Hospital with the intent to close it and thereby eliminate the possibility of competition in Belhaven constitutes an unfair trade practice in violation of N.C.G.S. 75-1.1.

28. Defendants' completion of the closing and further active and passive demolition of the Hospital Property will result in the complete preclusion of competition in Belhaven and the surrounding area.

## THIRD CLAIM FOR RELIEF - REVERSION OF TITLE

29. Paragraphs 1-28 are hereby incorporated by reference into this Claim for Relief.

30. Chapter 659 of the Session Laws of 1947, ratified on April 1, 1947 (the "Statute"), granted the Board of Aldermen of the Town of Belhaven the authority "to convey for the use of a hospital to be operated by a non-profit, non-stock corporation which may be

organized for said purpose, that part of Allen Street 100 feet wide extending from Front Street southwestwardly to Pantego Creek." A copy of the statute is attached hereto as Plaintiffs' Exhibit B.

32.     By deed dated January 20, 1948, the Town of Belhaven conveyed the property described in Paragraph 31 above to Pungo District Hospital Corporation "in consideration of the benefits to be derived by the citizens of the Town of Belhaven from the construction and operation of a hospital", citing the statute. The deed is recorded in the Office of the Register of Deeds of Beaufort County in Book 379, Page 185, and a certified copy is attached hereto as Plaintiffs' Exhibit C.

33.     Upon information and belief, Pungo District Hospital Corporation constructed and operated the property as a hospital from 1948 until July 1, 2014, when hospital operations were terminated and facility was closed.

34.     Upon information and belief, neither of the Defendants intend to operate the Property as a Hospital.

35.     The Statute makes the original conveyance of the Property to Pungo District Hospital Corporation conditional to its (and its successors) operating it as a Hospital.

36.     If the Property is not to be operated as a Hospital, as required by the Statute, then the Property reverts to the Town.


<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff prays that the Court:

1.     Issue a temporary restraining order requiring Defendants to cease and desist in removing equipment from the Hospital and all other demolition activities, and to continue to maintain and run the air-conditioning and/or de-humidifiers in order to prevent the further growth of mold and mildew in the building(s) located on the Property and to cease in otherwise causing the condition of the Hospital buildings to deteriorate.

2.     Require that Defendants allow Plaintiffs reasonable access to the Property.

3.     Set a scheduling order for discovery and trial on the three State Claims at this Court's earliest convenience, because of the life and death issues involved here.

4.     Grant the relief provided by N.C. Gen. Statute 99D-1.

5.    Grant other relief which the Court deems just and proper.

This the 23rd day of August, 2014.

John B. Tate III
North Carolina State Bar #29822
Attorney for the Town of Belhaven, Plaintiff
P.O. Box 700
Chocowinity, NC 27817
Tel: 252-974-1122
Fax: 252-974-1222

Alan McSurely
North Carolina State Bar #15540
Attorney for North Carolina NAACP
McSurely & Turner, PLLC
109 N. Graham St., Suite 100
Chapel Hill, NC 27516
Phone: (919) 967-3311
Fax: (919) 444-2474

## VERIFICATION

Adam O'Neal, being first duly sworn, deposes and says that he is the Mayor of the Town of Belhaven in the foregoing Complaint, that he has read the same and knows the contents thereof, that the same is true of his own knowledge, except as to those matters and things alleged therein upon information and belief, and as to those things, he believes them to be true.

This the _23d_ day of August, 2014.

SWORN TO AND SUBSCRIBED before me
this the _23d_ day of August, 2014.

Notary Public

My commission expires: _9/3/2014_

JOHN B. TATE III
NOTARY PUBLIC
BEAUFORT COUNTY, N.C.

BEAUFORT COUNTY LAND RECORDS

ROUTING FORM 41351

_HMW_ 7-24-14
Land Records Official        Date

NO REAL ESTATE TAX PAID

FOR REGISTRATION REGISTER OF DEEDS
Jennifer Leggett Whitehurst
Beaufort County, NC
July 24, 2014  11:48:41 AM
Book 1850 Page 87-93
FEE: $26.00
INSTRUMENT # 2014003247



INSTRUMENT # 2014003247

# NORTH CAROLINA NON-WARRANTY DEED

Revenue stamps: $0.00 pursuant to N.C.G.S. §105-228.29

Prepared by:

David E. Wagner*, K&L Gates LLP
4350 Lassiter at North Hills Avenue, Suite 300
Raleigh, North Carolina 27609
*No Title Review Performed

Upon Recording, return to:        Grantee

_return →_ Sumrell, Sugg, Carmichael,
Hicks, & Hart, PA
416 Pollock Street
New Bern, NC 28560

Brief Description for Index: Vidant Pungo Hospital

THIS DEED made effective this 2nd day of July, 2014, by and between

| GRANTOR | GRANTEE |
|---|---|
| Pungo District Hospital Corporation, a North Carolina non profit corporation | Pantego Creek, LLC, a North Carolina * limited liability company |
| with a mailing address of: c/o Vidant Health Attention: Office of General Counsel 2100 Stantonsburg Road Greenville, North Carolina 27835-6028 | with a mailing address of: 416 Pollock Street New Bern, North Carolina 28560 * non-profit |

The designation Grantor and Grantee, as used herein, shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that Grantor, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, has and by these presents does grant, bargain, sell, and convey unto Grantee in fee simple, all of the right, title, and interest of Grantor in and to

RA-3124008 v2

those certain tracts and parcels of land situated in Belhaven, Beaufort County, North Carolina, and more particularly described on <u>Exhibit A</u> attached hereto and incorporated herein by reference (the "Property").

TOGETHER WITH all buildings, structures and other improvements located thereon, and all appurtenances thereunto.

None of the Property herein conveyed includes the primary residence of Grantor.

TO HAVE AND TO HOLD the aforesaid Property and all privileges and appurtenances thereto belonging to the Grantee in fee simple, subject to the foregoing right of reversion.

**The Grantor makes no warranty, express or implied, as to title to the Property hereinabove described.**

[Signature and Notarial acknowledgment page follows]

IN WITNESS WHEREOF, Grantor has duly executed this instrument and delivered it as of the date indicated on the first page of this Deed.

GRANTOR:

Pungo District Hospital Corporation, a North Carolina non profit corporation

By
Name:  Roger A. Robertson
Title:  President and Designated Agent,
    DB 1804, PG 230

_____P‚tt_____ County, North Carolina

  I certify that the following person personally appeared before me this day and acknowledged to me that he signed the foregoing document in the capacity indicated: _Roger A. Robertson_

Date: _July 2_, 2014
My Commission Expires: _8/24/2018_ _Melody J Kissinger_
            Notary Public

       Print Name: _Melody J. Kissinger_

_____

[Affix Notary Stamp or Seal below]



**EXHIBIT A**

Tract One

That portion of Allen Street in said Town of Belhaven 100 feet in width extending from Front or Water Street southwestwardly to Pantego Creek, reference being made to the map made by Norfolk Southern Railroad Company for a more accurate description thereof of record in Map Book 2, page 40, Beaufort County Registry and being the same tract or parcel of land conveyed by the Town of Belhaven to Pungo District Hospital Corporation by Deed dated January 20, 1948, of record in Book 379, page 185, Beaufort County Registry. See also instrument dated January 28, 1948 of record in Book 379, page 274, Beaufort County Registry whereby George W. Clark, owner of all property abutting said portion of Allen Street on the East and his wife, Gladye E. Clark released and quitclaimed unto Pungo District Hospital Corporation all right, title and interest which they may have or may assert in and to that portion of Allen Street herein described.

Tract Two

Beginning at the Southwest intersection of Water and Allen Streets in Belhaven, it being the Northeast corner of Lot No. 432 in Block 5, as shown on the map made by Norfolk Southern Railroad Company; thence with Water Street Westwardly 75 feet; thence Southwardly at right angles to Water Street and parallel with Allen Street extended to the waters of Pantego Creek; thence Eastwardly with the waters of Pantego Creek to a point intersected by the West line of Allen Street, if projected; thence Northwardly with the West line of Allen Street projected to the beginning, and being the same tract or parcel of land conveyed to Pungo District Hospital Corporation by deed dated January 20, 1948, of record in Book 379, page 184, Beaufort County Registry.

Tract Three

In the Town of Belhaven, Beaufort County, North Carolina, and being situate on the southwest side of Water or Front Street in said town and being all of Lot No. 433 on the Norfolk Southern Railroad Company's map of a part of the Town of Belhaven, as described in that certain deed dated March 14, 1950, from Orville R. Clark and wife, Helen M. Clark, to George W. Clark of record in Beaufort County Registry, and being also an additional strip 12 feet wide lying on the southeast side of said Lot No. 433 between parallel lines run southwestwardly from Front Street to Pantego Creek; and the total lot herein conveyed being a composite of said Lot No. 433 and 12 feet of the old Snyder lot on the southeast side thereof, making a lot beginning at the intersection of Allen and Front Streets, running southeastwardly 62 feet with Front Street and extending back to Pantego Creek between parallel lines and parallel to and adjoining Allen Street on the northwest side thereof. And being the same conveyed to Ellis G. Winstead, M.D., by Nina Clark Powell and husband Douglass A. Powell, Jr., by deed dated October 24, 1958, of record in Book 490, page 377, of the Beaufort County Registry, and also being the same tract or parcel of land conveyed to Pungo District Hospital Corporation by deed dated June 27, 1972 of record in Book 684, page 675, Beaufort County Registry.

RA-3124008 v2

Tract Four

In the Town of Belhaven, bounded on the North by Water Street; on the East by the line of the property conveyed to the Town of Belhaven by the Norfolk Southern Railroad Company by deed dated February 15, 1928, recorded in Book 318 Page 136 of the Beaufort County Registry, Map of same being recorded in Map Book 2 at Page 40 same Registry; bounded on the South by Pantego Creek; and bounded on the West by the lot conveyed by George W. Clark and wife, Glayde B. Clark, to Nina Clark Powell and husband, Douglass A. Powell, Jr., by Deed dated May 29, 1950, and duly recorded in Beaufort County Registry, said lot now being owned by the Dr. E.G. Winstead estate; and being all of the balance of Block No. 6 of the Norfolk Southern Railway Company's Map of part of Belhaven conveyed to the said George W. Clark by the Norfolk Southern Railway Company on the 5th day of May, 1944, by Deed recorded in Book 351 page 480 of the Beaufort County Registry. Excepting from this conveyance the aforementioned Powell lot, the said Powell lot having a frontage of 62 feet on Water Street measured Southeastwardly from the Southeast edge of Allen Street, the Southeast line of the Powell lot; running thence Northeastwardly parallel to the aforesaid Allen Street to Water Street and forming the Westward or Northwestward boundary of the lot herein conveyed. The Eastward line of the above mentioned lot was fixed by exchange of Deeds between the Town of Belhaven and Doris Whitley Windley as follows:

> Beginning at the Northward end at a four inch iron pipe set into the ground, said iron pipe being set 17 feet and 4 inches from the Northeast corner of the porch of the Windley home and approximately 80 feet Eastward of Windley's West line; running thence a general Southwardly direction a straight line to a 1½ inch iron stab set in the ground at the edge of Pantego Creek, this point being approximately 90 feet Eastward of Windley's west line.

The above described tract or parcel of land is the same tract or parcel of land conveyed to Pungo District Hospital, Incorporated by deed dated September 3, 1969, of record in Book 645, page 528, Beaufort County Registry. And also being the same tract or parcel of land a portion of which is described in quitclaim deed dated July 2, 1997, from the Town of Belhaven to Pungo District Hospital Corporation of record in Book 1076, page 887, Beaufort County Registry.

The four (4) above described tracts or parcels of land bear Beaufort County GPIN Nos. 7605-69-9132 and 7605-78-0943.

Tract Five

In the Town of Belhaven, Beaufort County, North Carolina and being so much of the abandoned westwardly portion of Front or Water Street as adjoins the northeast boundary line of Tract One through Tract Four described above as shown by Resolution of the Town of Belhaven dated July 2, 1990, of record in Book 928, page 405, Beaufort County Registry.

Tract Six

Beginning at a new iron pipe located in the southwesterly edge of the 60 foot right of way of Water Street and lying South 33° 27' 50" East 188.58 feet from a new PK nail set at the

intersection of the centerlines of Allen Street and Water Street as the same is shown on a plat entitled "Property of Pungo District Hospital" dated November 15, 1996 by Jarvis Associates, P.A., a copy of which is recorded in Plat Cabinet F, Slide 7-8, Beaufort County Registry and incorporated herein by reference for a more complete and adequate description, running thence from said beginning point so located South 41° 04' 55" East 57.82 feet to a new iron pipe; thence the same course continued 5.00 feet to a point in the outside face of a bulkhead along the westerly edge of Wynne's Gut; thence along the outside face of said bulkhead the following courses and distances: South 36° 59' 33" West 230.29 feet to a point, South 38° 51' 49" East 7.89 feet to a point, South 36° 04' 17" West 139.28 feet to a point, North 89° 47' 25" West 15.12 feet to a point, North 11° 09' 14" West 38.63 feet to a point, and North 21° 07' 03" West 42.70 feet to a point; thence leaving said bulkhead and running North 50° 30' 00" East 5.00 feet to a new iron pipe; thence the same course continued 19.77 feet to a new iron pipe; thence North 36° 59' 33" East 321.10 feet to the point of beginning, containing 0.54 acres, more or less. Reference is made to deed recorded in Book 318, page 136, Beaufort County Registry, and being the same tract or parcel of land conveyed to Pungo District Hospital Corporation by deed dated July 2, 1997 of record in Book 1076, page 884, Beaufort County Registry and also being the same tract or parcel of land a portion of which is described in quitclaim deed dated July 2, 1997 from Town of Belhaven to Pungo District Hospital Corporation of record in Book 1076, Page 887, Beaufort County Registry.

The above described tract or parcel of land bears Beaufort County GPIN No. 7605-78-1935.

Tract Seven

Beginning at a point in the northern high water mark of Pantego Creek at the westernmost corner of the lot owned by Pungo District Hospital as the same is shown on a map of survey entitled "Property of Gregory L. Jones and Rebecca Jones" dated December 11, 1989 and revised June 3, 1991 by Hood Richardson, R.L.S. and recorded in Plat Cabinet E, Slide 55-3; running thence with Pungo District Hospital's western boundary North 50 degrees 30 minutes 00 seconds East 347.77 feet to an iron pipe located in the southwestern right-of-way of Water or Front Street; thence with the said right-of-way North 39 degrees 30 minutes 00 seconds West 75 feet to an iron pipe; thence South 50 degrees 30 minutes 00 seconds West 317.50 feet to a point in the northern high water mark of Pantego Creek; thence in a southerly direction with the high water mark of Pantego Creek to the point of beginning, containing 0.56 acres, more or less. Reference is made to a Deed to Dr. J.T. Wright dated June 26, 1953 and recorded in Book 430, Page 380 Beaufort County Registry. Being the same as shown on a Survey by Hood L. Richardson, P.A., dated July 26, 2004, a copy of which is recorded in Plat Cabinet G, Slide 39-6, Beaufort County Registry, and reference is made thereto for more complete and accurate description.

This being the same property conveyed to Belhaven Ventures, LLC by deed dated August 5, 2004 and recorded in Book 1409 at page 951 of the Beaufort County Registry, and being the same tract or parcel of land conveyed to Pungo District Hospital Corporation by deed dated September 21, 2010 of record in Book 1730, page 869, Beaufort County Registry.

The above described tract or parcel of land bears Beaufort County GPIN No. 7605-69-8226.

Tract Eight

BEING Lot 436 and Lot 437 as the same are shown on a plat entitled "Property of Pungo District Hospital" dated November 15, 1996 by Jarvis Associates, P.A., a copy of which is recorded in Plat Cabinet F, Slide 7-8, Beaufort County Registry and incorporated herein by reference for a more complete and adequate description.

Label Jumrell Sugg Carmichael etal PC

H. B. 905          **CHAPTER 659**

## AN ACT TO AUTHORIZE THE BOARD OF ALDERMEN OF THE TOWN OF BELHAVEN TO APPROPRIATE THE PART OF ALLEN STREET EXTENDING FROM FRONT STREET TO PANTEGO CREEK, AND TO PROVIDE FOR THE USE OF SAID PROPERTY FOR A HOSPITAL.

*The General Assembly of North Carolina do enact:*

SECTION 1. That the Board of Aldermen of the Town of Belhaven be, and it is hereby authorized and empowered, in its discretion, to convey for the use of a hospital to be operated by a non-profit, non-stock corporation which may be organized for said purpose, that part of Allen Street 100 feet wide extending from Front Street southwestwardly to Pantego Creek. The said property shall be conveyed to such hospital as may be determined by the board of aldermen of said town, without consideration other than the benefits to be derived by the citizens of said town from the construction and operation of the hospital on the said property; and said board of aldermen, in its discretion, is hereby fully authorized and empowered to appropriate and use the said property for hospital purposes in any other manner which, in its opinion, will be for the best interest of the people of the said town.

SEC. 2. That all laws and clauses of laws in conflict with this Act are hereby repealed.

SEC. 3. That this Act shall be in full force and effect from and after its ratification.

In the General Assembly read three times and ratified, this the 1st day of April, 1947.

*Aldermen of Town of Belhaven, empowered to convey certain land for use as hospital.*

*Consideration for conveyance.*



*Use of property.*

*Conflicting laws repealed.*

PLAINTIFFS' EXHIBIT B

purposes therein expressed.

Witness my hand and notarial seal, this the 21 day of January, 1948.

G. T. Riddick
Notary Public

(SEAL)

My commission expires: Nov. 12, 1948.

NORTH CAROLINA

BEAUFORT COUNTY

The foregoing certificate of G. T. Riddick, a Notary Public of Beaufort County is adjudged to be correct. Let instrument with the certificate be registered.

Witness my hand this the 21st day of January, 1948.

May S. Thomas
Dep. C.S.C.

Filed January 21, 1948 at 4:00 P. M.

C. C. Duke, Register of Deeds

NORTH CAROLINA

BEAUFORT COUNTY

THIS DEED, MADE this the 20th day of January, 1943, by Town of Belhaven, a municipal corporation of the State of North Carolina, hereinafter designated as party of the first part, to Pungo District Hospital Corporation, hereinafter designated as party of the second part,

WITNESSETH: That the party of the first part, in consideration of the benefits to be derived by the citizens of the Town of Belhaven from the construction and operation of a hospital on the property hereinafter described and pursuant to the authority granted by Chapter 659 of the Session Laws of 1947, has given, granted, bargained, sold and does hereby convey unto the party of the second part that certain lot or parcel of land in the Town of Belhaven, Beaufort County, North Carolina, particularly described as follows:

That portion of Allen Street in said Town of Belhaven 100 feet in width extending from Front or Water Street Southwardly to Pantego Creek, reference being made to the map made by Norfolk Southern Railroad Company for a more accurate description thereof.

TO HAVE AND TO HOLD the said piece or parcel of land, together with all and singular, the rights, ways, privileges and appurtenances thereto belonging or in anywise appertaining unto the party of the second part, its successors and assigns in fee simple, in as full and ample manner as the party of the first part is authorized and empowered to convey the same.

IN WITNESS WHEREOF, the party of the first part has caused this instrument to be executed in its name by W. P. O'Neal, its Mayor, and its corporate seal to be hereunto affixed, attested by its Town Clerk, all by authority of its Board of Aldermen duly given.

TOWN OF BELHAVEN
BY W. P. O'Neal, Mayor

(SEAL)

ATTEST: Dorothy D. Clark, Town Clerk

PLAINTIFFS' EXHIBIT C

I, Jennifer Leggett Whitehurst, Register of Deeds of Beaufort County, North Carolina, certify that the foregoing is a photo copy of a record filed in this office in Volume _379_ at Page _185_

This _22nd_ day of _August_, 20.14

Jennifer Leggett Whitehurst          By: _Elizabeth Hargett_
Register of Deeds

NORTH CAROLINA

BEAUFORT COUNTY

       Before me, G. T. Riddick, a Notary Public in and for the State and County aforesaid, this day personally appeared W. P. O'Neal, who being by me duly sworn, says that he is Mayor of the Town of Belhaven, and that the seal affixed to the foregoing instrument in writing is the corporate seal of said corporation and that said writing was signed and sealed by him in behalf of said corporation by its authority duly given, and the said W. P. O'Neal acknowledged the said writing to be the act and deed of said corporation.

       Witness my hand and notarial seal, this the 21 day of January, 1948.

                              G. T. Riddick
                              Notary Public

     (SEAL)

My commission expires: Nov. 12, 1948

NORTH CAROLINA

BEAUFORT COUNTY

       The foregoing certificate of G. T. Riddick, a Notary Public of Beaufort County is adjudged to be correct.  Let instrument with the certificate be registered.

       Witness my hand this the 21st day of January, 1948.

                              May S. Thomas
                              Dep. C.S.C.

Filed January 21, 1948 at 4:00 P. M.

C. C. Duke, Register of Deeds