IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-cv-00151-D

TOWN OF BELHAVEN, NC; and THE )
NORTH CAROLINA NAACP STATE )
CONFERENCE OF BRANCHES, THE )
HYDE COUNTY NAACP BRANCH, and )
THE BEAUFORT COUNTY NAACP )
BRANCH, )
                                  )
                                  )                Hon. James C. Dever, III
               Plaintiff   )
                                  )
           vs.                   )
                                  )
PANTEGO CREEK, LLC and VIDANT )
HEALTH, INC., )
                                  )
              Defendants   )


**DEFENDANT UNIVERSITY HEALTH SYSTEMS OF EASTERN CAROLINA, INC.
d/b/a VIDANT HEALTH'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND**

                                                          Gary S. Qualls
                                                          Kathryn F. Taylor
                                                          Susan K. Hackney
                                                          Steven G. Pine
                                                          K&L Gates LLP
                                                          430 Davis Drive, Suite 400
                                                          Morrisville, NC 27560
                                                          Tel. 919-466-1182
                                                          *Attorneys for Defendants University Health*
                                                          *Systems of Eastern Carolina, Inc. d/b/a*
                                                          *Vidant Health*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

ARGUMENT ................................................................................................................................ 4

I. THE ONLY COMPLAINT PROPERLY BEFORE THE COURT STATES A FEDERAL CLAIM. ........................................................................................................ 4

II. IF AND WHEN PLAINTIFFS REQUEST IT, LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED. ............................................................................ 6

    A. Plaintiffs Seek To Amend For The Sole Purpose Of Forum Shopping. .................. 7

    B. Plaintiffs' Proposed North Carolina Civil Rights Claim Is Futile. ......................... 8

III. EVEN IF LEAVE TO AMEND WERE GRANTED, THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION OVER THIS CASE. .............................. 11

IV. PLAINTIFFS' OWN INACTION BELIES THE URGENCY STRESSED IN THEIR MOTION. ............................................................................................................ 12

CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed. 868 (2009) .................................. 10

*Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250 (5th Cir. 1990) .............................. 11-12

*Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962) ............................................ 7

*Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991) .................................................................................................................. 11

*Glick v. Koenig*, 766 F.2d 265 (7th Cir. 1995) ............................................................................. 8

*Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 124 S. Ct. 1920, 158 L.Ed.2d 866 (2004) ................................................................................................................................. 11

*McLain v. Andersen Corp.*, 567 F.3d 956 (8th Cir. 2009) ......................................................... 11

*Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ................................................................................................................................... 10

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009) ..................... 8

*Perkins v. United States*, 55 F.3d 910 (4th Cir. 1995); ................................................................. 8

*Skinner v. First Am. Bank of Virginia*, 64 F.3d 659, 1995 WL 507264 (4th Cir. 1995) ............... 7

*Villanueva v. Carrera*, 85 F.3d 481 (10th Cir. 1996) ................................................................... 5

**Statutes**

28 U.S.C. § 1331 .......................................................................................................................... 4, 6

28 U.S.C. § 1367 .......................................................................................................................... 1, 11

28 U.S.C. § 1441(a) .......................................................................................................................... 6

28 U.S.C. § 1446(d) .......................................................................................................................... 7

N.C. Gen. Stat. § 99D-1.1 ...................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 10

Fed. R. Civ. P. 15(a)(2) ................................................................................................................... 4

# INTRODUCTION

Plaintiffs' motion to remand should be denied because the sole operative complaint before this Court asserts a claim arising under federal law, and plaintiffs have not and cannot demonstrate that leave to amend would be appropriate in this case. *First*, plaintiffs' counsel has publicly acknowledged that their Original Complaint asserted a federal cause of action arising under Title VI of the Civil Rights Act. Indeed, Title VI was the only civil rights statute referenced anywhere in their original Complaint and voluminous attachments. Thus, this case was properly removed on August 19, 2014.

*Second*, although they attach an Amended Complaint that purports to replace their Title VI Civil Rights claim with one arising under North Carolina statute, they have not sought leave to file that Amended Complaint in this Court. As such, their Motion to Remand places the cart before the horse. Even if plaintiffs were to correct this procedural error, however, leave to amend should be denied. Plaintiffs' Amended Complaint does not state a claim arising under the North Carolina statute they cite, and instead leaves open a crucial detail that plaintiffs can fill in later with yet another allegation sounding in federal Constitutional law. The failure to plead necessary elements of their purported state civil rights claim is apparent on the face of the proposed pleading, and renders the amendment futile.

*Third*, even if the amendment were permitted, the deletion of plaintiffs' federal claim would not entitle plaintiffs to remand. Instead, this Court should continue to exercise its supplemental jurisdiction over the remaining State law claims. 28 U.S.C. § 1367(c)(3). Plaintiffs concede that various federal agencies continue to address plaintiffs' Title VI complaints. It appears unlikely that those complaints will simply disappear. Moreover, plaintiffs' supposedly state-law civil rights claim may turn on interpretation of U.S. Constitutional law. In this

1

situation, remand would serve no long-term purpose, and the exercise of supplemental jurisdiction will better promote judicial economy.

*Finally*, plaintiffs' own actions belie any sense of urgency that would make it reasonable for the Court to act hastily by allowing the Plaintiffs to cut procedural corners. Plaintiffs have allowed two months to pass without appearing, seeking a reinstatement of their Temporary Restraining Order, or otherwise advancing their claims. Plaintiffs' conduct belies their call to action in their Motion to Remand, and should not afford them a free pass on complying with the Federal Rules of Civil Procedure.

## BACKGROUND

This case arises from Defendant University Health Systems of Eastern Carolina, Inc. d/b/a Vidant Health's (hereafter "Vidant's") decision to close a hospital it owned and operated in the town of Belhaven, North Carolina and replace it with a new, 12,000-square-foot multi-specialty clinic. Vidant's announcement that it was closing Pungo Memorial Hospital was met with great resistance by the Mayor of Belhaven and others on the Town Council. In an effort to force Vidant to continue to operate a financially-unviable hospital, the Town of Belhaven and the NAACP complained to the U.S. Department of Health and Human Services' Office for Civil Rights (hereafter "OCR") that the hospital's closure violated Title VI of the Civil Rights Act.

Mediation between and among Vidant, the Town of Belhaven, and the NAACP ensued. Under the terms of an agreement the parties reached in mediation, Vidant was willing to continue to operate the hospital until July 1, 2014, and then transfer the hospital operations to a new nonprofit corporation to be formed by the Town. Assuming the Town fulfilled this and other conditions precedent necessary to assume operational responsibility for a hospital in North Carolina, the Town would also be required to lease the hospital building from community group Pantego Creek, LLC, which had existing reversionary rights to the hospital property.

2

Although Vidant performed the mediation agreement to the letter, the Town of Belhaven did not fulfill its obligations or undertake the activities necessary to take over hospital operations on July 1, 2014. Instead, it continued to advance its civil rights claims with OCR and in the press, demanding that Vidant reopen and continue operating the hospital.

On the evening of August 13, 2014, Plaintiffs sent counsel for Vidant an e-mail informing her that plaintiffs were seeking a temporary restraining order to require Vidant to continue maintaining and paying utilities for the property it had deeded more than a month earlier to Pantego Creek. (*See* 8/13/14 E-mail from Pls., attached hereto as Exhibit 1) The following morning, plaintiffs appeared before the Hon. Milton Fitch, Jr. to request a TRO. (8/14/14 Hrg. Tr., attached hereto as Exhibit 2) During the hearing, Judge Fitch described the plaintiffs' civil rights case as arising under Title VI. (Id. At 3:19-20) Plaintiffs' counsel did not assert otherwise.

Although hardly a model of clarity, the plaintiffs' Complaint alleged a claim for "Civil Rights Violation." (Compl. at p. 3, Exhibit 1 to Dkt. # 1) The Complaint repeatedly references the Title VI complaints that plaintiffs submitted to OCR. (Id. ¶¶ 11-12, 14) Indeed, Plaintiffs attached to their Complaint a position statement that they had filed prior to mediation in support of their Title VI allegations. (Id., Ex. C to Compl.)

Defendants removed the case to this Court on August 19, 2014. (Notice of Removal, Dkt. #1) On August 25, 2014, Judge Fitch held another hearing, despite the removal of the case four days earlier. (8/23/14 Hrg. Tr., attached hereto as Exhibit 3) Plaintiffs arrived in court with an Amended Complaint that they claimed stripped the federal court of jurisdiction. (Id. at 3:12-16) Plaintiffs filed the Amended Complaint in the state court, but not in the federal court, that same

day. (Id.)[1]  Approximately two weeks later, on September 8, 2014, plaintiffs' counsel told reporters that their original Complaint had stated a Title VI claim, but that they had prepared an Amended Complaint that substituted a North Carolina state statute for Title VI in an attempt to divest the federal court of jurisdiction. (Washington Daily News, http://www.thewashingtondailynews.com/2014/09/08/hhs-to-investigate-vidant-pungo-closure, last visited 10/28/14, attached hereto as Exhibit 4).

On October 3, 2014, Vidant filed an Answer to the Title VI Civil Rights Violation count of the Complaint (Dkt. # 21), and moved to dismiss the second count, for Unfair Trade Practices. (Dkt. # 19 & 20)  Plaintiffs did not file their Amended Complaint in this Court within twenty-one days of Vidant's responsive pleading. *See* Fed. R. Civ. P. 15(a)(2).  Instead, on October 20, 2014, plaintiffs filed a Motion to Remand based on the Amended Complaint's filing in the State Court record after removal. (Dkt. #27 at p. 5)  Notably, plaintiffs have not sought leave to file their Amended Complaint, nor have they asserted any reason that leave should be granted.

## ARGUMENT

### I. THE ONLY COMPLAINT PROPERLY BEFORE THE COURT STATES A FEDERAL CLAIM.

Remand should be denied because the sole Complaint properly before the Court asserts a federal cause of action arising under Title VI of the Civil Rights Act over which this Court has original jurisdiction. *See* 28 U.S.C. § 1331.  While Plaintiffs have prepared an Amended Complaint that purports to delete the federal claim and attached it to their Motion to Remand,

---

[1] Plaintiffs are not candid regarding what transpired during the August 25 hearing. Contrary to plaintiffs' assertions, Defendant Vidant did not promise Judge Fitch that the TRO would remain in place. Instead, in contravention of the federal court's jurisdiction at the time of the hearing, Judge Fitch attempted to extend the duration of his TRO indefinitely. (Ex. 3 at 11:12 - 12:22) This Court previously entered an Order confirming the expiration of the TRO and declaring Judge Fitch's oral rulings void *ab initio* on October 15, 2014. (Dkt. #24)

4

they have not sought and received leave to file it.² Accordingly, the sole operative pleading properly before this Court is the original Complaint filed on August 14, 2014 and removed to this Court on August 19, 2014.

Plaintiffs' self-serving argument that the Complaint was intended to state a claim under N.C. Gen. Stat. § 99D is simply not candid. (Dkt. #27, p. 5) The claim asserted in the Complaint is entitled "Civil Rights Violations," and the only statutory reference in either the Complaint or its voluminous attachments is to Title VI. (Dkt. #1, Compl. ¶¶ 11-12, 14 & Ex. C to Compl.) The Complaint also explicitly references the mediation that was held following plaintiffs' Title VI complaint to OCR. (Dkt. #1, Compl. ¶ 9 & Ex. B to Compl.)³

Perhaps most tellingly, plaintiffs' civil rights claim alleges in its recitation of elements that the acts of the defendants "will have a disproportionate impact upon protected classes of citizens." (Dkt #1, Compl. ¶ 26) "Disproportionate impact" or "disparate impact" is a theory of liability that may be asserted under certain *federal* regulations promulgated under Title VI. *See, e.g., Villanueva v. Carrera*, 85 F.3d 481, 486 (10th Cir. 1996). In contrast, the North Carolina Civil Rights Statute requires the plaintiff to plead and prove a conspiracy to deprive a plaintiff of his or her Constitutional rights using "force, repeated harassment, violence, physical harm to persons or property, or direct or indirect threats of physical harm to persons or property." N.C.

---

² At the time of this filing, plaintiffs have not properly filed their Motion to Remand, and it is questionable whether the motion is properly before the Court. John Tate, counsel for the Town of Belhaven, used the ECF system to file an unsigned Motion to Remand and Memorandum in Support on October 20, 2014. Mr. Tate has not filed an appearance in this case, nor has any other counsel done so on behalf of any of the plaintiffs. Although the clerk's office has issued numerous deficiency notices regarding the filing, none of the procedural issues have been corrected. Out of an abundance of caution, Vidant is nevertheless filing this Response within 21 days of its receipt of the procedurally-defective filing.

³ Contrary to Plaintiffs' argument in their Motion to Remand, Defendants do not seek, and have never sought, to affirmatively enforce the mediation agreement. Accordingly, the entire Section 1 of Plaintiffs' Motion entitled "The Unenforceable Mediated Agreement" does little more than erect a straw man argument before purporting to knock it down. (*See* Dkt. #27 at pp. 5-6)

Gen. Stat. §99D-1.1(a)(2). Plaintiffs' allegation of "disproportionate impact" as the basis of their Civil Rights claim is a clear indication that the claim arises under Title VI and related regulations, and not under N.C. Gen. Stat. § 99D. The only fair and reasonable conclusion derived from the plain language of the Complaint is that plaintiffs were attempting to assert in state court the same Title VI claim for disparate impact that they have asserted before OCR.

Further, the public statements and acts of plaintiffs' counsel are inconsistent with their current argument. The State Court noted during the TRO hearing that the plaintiffs were complaining of a violation of Title VI, and plaintiffs' counsel did not argue otherwise. (8/14/14 Hr'g Tr. at 3:19-20, Ex. 2). Similarly, the Town of Belhaven's counsel, John Tate, was quoted in the press as stating that, because the town had filed a Title VI civil rights complaint, the case may fall under federal jurisdiction. (Ex. 4).

While the Complaint is replete with references to Title VI, there is not a single reference to N.C. Gen. Stat. § 99D, nor even the barest attempt to plead its peculiar elements. *Compare* Dkt. #1, Compl. ¶¶ 9, 11-12, 14, 26-27 & Exs. B & C to Compl. *with* Dkt. #27, pp. 10-11, ¶¶ 23-24. It appears that plaintiffs' Complaint was merely repeating the same Title VI allegations that they have urged upon OCR for many months. Indeed, that is what Judge Fitch concluded without correction by plaintiffs' counsel, and what plaintiffs' counsel told the press. As such, removal to this Court on August 19, 2014 was proper because the Complaint asserted a federal cause of action. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).

**II.    IF AND WHEN PLAINTIFFS REQUEST IT, LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED.**

Plaintiffs could have filed their Amended Complaint as of right within twenty-one days after Defendant Vidant filed its responsive pleadings, yet failed to do so. Instead, they attached

6

Case 4:14-cv-00151-D   Document 32   Filed 11/10/14   Page 9 of 19

it to their Motion to Remand without requesting its filing or seeking leave to amend.[4] If and when plaintiffs do seek leave to amend, however, it should be denied.

The U.S. Supreme Court has held that leave to amend may be denied where the proposed amendment results from "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . ." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962). Plaintiffs should be denied leave to amend in this case because: (1) by the admission of plaintiffs' own counsel, the amendment is proposed in bad faith for the sole purpose of forum shopping; and (2) plaintiffs' proposed new state civil rights claim consists of little more than parroting the statutory language of Section 99D, and is therefore futile.

### A. Plaintiffs Seek To Amend For The Sole Purpose Of Forum Shopping.

On September 8, 2014, Mr. John Tate, the very same counsel who filed the Motion to Remand, was reported to have spoken with the press about this case:

> Tate said since the town filed a Title 6 Civil Rights complaint, a federal issue, the case may fall under federal jurisdiction. The hearing will now go to a federal judge, who will decide whether the case is a federal issue or whether it will return to a state courtroom. The town has removed the Title 6 complaint and inserted a North Carolina General Statute, which may aid in keeping it in state court, Tate said.

(Ex. 4) A clearer and more unambiguous statement that the amendment is proposed for the sole purpose of forum shopping could not possibly be made.

Courts confronted with similar tactics have refused leave to amend and have denied the related request for remand. *See, e.g., Skinner v. First Am. Bank of Virginia*, 64 F.3d 659, 1995

---

[4] The fact that plaintiffs filed the Amended Complaint in state court four days after the case was removed to this Court is irrelevant, and the state court filing was a legal nullity. Once a case has been removed to federal court, the state court is stripped of jurisdiction and no further proceedings may be had in the state court below. 28 U.S.C. § 1446(d).

WL 507264, at *3 (4th Cir. 1995) (unpublished opinion, attached as Exhibit 5) (affirming district court's decision retaining jurisdiction and refusing to permit amendment that would delete plaintiffs' federal claim; "[T]he only apparent effect of the amendment on the [plaintiffs] would have been to permit them to dismiss their federal claim and thereby avoid an adverse ruling in federal court."). The same result should obtain here. Plaintiffs' attempt to return to State Court under the guise of substituting a state law claim for a federal one is a short-term measure intended to facilitate forum-shopping. Having pressed their Title VI allegations before numerous federal agencies, plaintiffs will undoubtedly amend their complaint yet again in state court to assert the claim there. As in *Skinner*, plaintiffs should not be allowed to deprive defendants of a right to a federal forum to decide plaintiffs' federal claim through such procedural gamesmanship.

### B. Plaintiffs' Proposed North Carolina Civil Rights Claim Is Futile.

*Second*, leave to amend should be denied because the proposed Amended Complaint fails to state a claim under N.C. Gen. Stat. § 99D and, therefore, the proposed Amendment is futile. A proposed amendment may be denied as futile where it would fail to withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *see also Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1995) (similar). In evaluating whether a claim is stated, "[t]he court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Plaintiffs' purported state civil rights claim is deficient on its face, rendering leave to amend futile in this case.

Section 99D is significantly narrower in scope than Title VI of the Civil Rights Act. A civil action may be commenced under Section 99D only when:

> (1) Two or more persons, motivated by race, religion, ethnicity, or gender, but whether or not acting under color of law, conspire to interfere with the exercise or enjoyment by any other person or persons of a right secured by the Constitutions of the United States or North Carolina, or of a right secured by a law of the United States or North Carolina that enforces, interprets, or impacts on a constitutional right; and
>
> (2) One or more persons engaged in such a conspiracy use force, repeated harassment, violence, physical harm to persons or property, or direct or indirect threats of physical harm to persons or property to commit an act in furtherance of the object of the conspiracy; and
>
> (3) The commission of an act described in subdivision (2) interferes, or is an attempt to interfere, with the exercise or enjoyment of a right, described in subdivision (1), of another person.

N.C. Gen. Stat. § 99D-1.1(a).

Plaintiffs' purported Section 99D claim alleges that "Defendants have violated and are engaging in a continuing conspiracy to violate the civil rights of the citizens of Belhaven and surrounding areas by closing the Hospital's Emergency facilities, probably contributing to at least one death, and probably others . . ." (Dkt. #27 at p. 10, ¶ 23) This *ipse dixit* is the most "factual" information contained in the proposed amendment. Plaintiffs go on to parrot the language of Section 99D and make similarly conclusory statements regarding the language's satisfaction. (*Id.* at pp. 10-11, ¶¶ 23-24) Among other things, plaintiffs fail to allege (1) which individuals allegedly conspired; (2) which "civil rights" they purportedly conspired to violate; (3) what purported "threats of violence to persons or property" were allegedly made; and (4) what "act in furtherance of the object of the conspiracy" the unknown conspirators have purportedly committed. *Compare* N.C. Gen. Stat. § 99D-1.1(a) *with* Dkt. #27 at pp. 10-11, ¶¶ 23-24. Plaintiffs' proposed amendment, in sum, is the very sort of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the U.S. Supreme

9

Court has found fails to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed. 868 (2009).

Moreover, Section 99D requires the plaintiffs to plead and prove that the defendants have conspired to interfere with plaintiffs' "exercise or enjoyment of a right secured by the Constitutions of the United States or North Carolina, or of a right secured by a law of the United States or North Carolina that enforces, interprets or impacts on a constitutional right . . ." N.C. Gen. Stat. § 99D-1(a)(1). Plaintiffs' Amended Complaint parrots the language, but does not identify *any* Constitutional right of which plaintiffs claim deprivation. (Dkt. #27 at pp. 10-11, ¶¶ 23-24). This glaring hole in the proposed amendment leaves plaintiffs free to rest their claim on a violation of a United States Constitutional right or a right otherwise secured by federal law at a later date. *See* N.C. Gen. Stat. § 99D-1.1(a)(1). Where decision on a state statute hinges on the interpretation of the U.S. Constitution or federal law, a federal question may be present. *See, e.g.*, *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ("[A] case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"). Accordingly, plaintiffs' failure to identify the specific civil rights at issue not only renders the proposed amendment deficient for pleading purposes, but also opens the door to procedural gamesmanship to deprive defendants of their right to have federal questions heard in a federal forum.

Plaintiffs' parroting of the North Carolina Civil Rights Statute does not state a claim that would survive a Rule 12(b)(6) motion. Accordingly, their proposed amendment is futile, and leave to amend (if and when requested) should be denied.

10

## III. EVEN IF LEAVE TO AMEND WERE GRANTED, THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION OVER THIS CASE.

Because Plaintiffs' Complaint stated a federal cause of action at the time of the removal, even a subsequent amendment to remove the federal cause of action does not entitle plaintiffs to remand as a matter of right. 28 U.S.C. § 1367(c)(3). This Court may retain or decline supplemental jurisdiction over the remaining state law claims in its discretion, and may refuse remand. *Id.*; *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570, 124 S. Ct. 1920, 158 L.Ed.2d 866 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'"); *Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

The Eighth Circuit's decision in *McLain v. Andersen Corp.* is on point in this regard. 567 F.3d 956, 965 (8th Cir. 2009). In *McLain*, the plaintiff attempted to amend his complaint after removal to drop a pension claim that raised a federal question under ERISA. The Eighth Circuit affirmed the district court's decision to retain supplemental jurisdiction of the remaining State law claims and refuse remand:

> Jurisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated. Moreover, pursuant to 28 U.S.C. § 1367, courts have the discretion to exercise supplemental jurisdiction over remaining state-law claims even after "the district court has dismissed all claims over which it has original jurisdiction."

*Id.* at 965 (citations omitted).

Similarly, in *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990), the Fifth Circuit held:

> When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. Thus, when there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished. Instead, the decision as to whether to retain the pendent claims lies within the sound discretion of the district court.

*Id.* As noted in both *McLain* and *Brown*, even if plaintiffs sought and the Court granted leave to amend the Complaint, the Court would still retain jurisdiction over this case because it stated a federal cause of action at the time it was removed. Whether the Court exercises such supplemental jurisdiction is a matter within the Court's sound discretion.

The exercise of supplemental jurisdiction over plaintiffs' State law claims is particularly appropriate here because it will further the aims of judicial economy and fairness to all parties. Plaintiffs have not abandoned, and continue to press, their Title VI claim before OCR and various federal officials. Plaintiffs have made it abundantly clear that they are determined to pursue a claim arising under Title VI. Defendants have made equally clear that they intend to preserve their right to a federal forum to decide that claim. Further, as discussed above, plaintiffs' refusal to specify the civil right(s) at issue in their Section 99D claim leaves open the possibility that it will turn on interpretation of the U.S. Constitution and federal statutes, once fully fleshed out through further pleading or discovery. Accordingly, even if plaintiffs are granted leave to file an Amended Complaint, this Court should exercise its supplemental jurisdiction over the case.

### IV. PLAINTIFFS' OWN INACTION BELIES THE URGENCY STRESSED IN THEIR MOTION.

Finally, plaintiffs urge the Court to remand the case in haste, claiming that time is of the essence because they wish to have their improperly-granted TRO restored. (Dkt. #27 at pp. 6-7) Yet, when given more than a month in which to oppose a motion to declare the TRO expired (*see*

Dkt. #13), plaintiffs did not even appear, much less file an opposition. (Order, Dkt. #24 at p. 1) Moreover, they waited nearly two months after this case was removed before filing their motion to remand. In the meantime, they have failed to respond to motions to dismiss and a motion to stay discovery. Far from showing great concern regarding the purported "threat to the lives of the people in the service area," (Dkt. #27 at p. 6), Plaintiffs have neglected to appear, respond to motions, or otherwise advance their claims while in this Court. Accordingly, there is no reason to rush to judgment on the merits of plaintiffs' request for remand.

## CONCLUSION

Because plaintiffs' original Complaint asserted a claim arising under Title VI of the federal Civil Rights Act, this case was properly removed to this Court on August 19, 2014. Plaintiffs' proposed Amended Complaint (which they have not sought leave to file) fails to state a claim under an alternative state civil rights statute, and is therefore futile. Even if plaintiffs were allowed to file their deficient Amended Complaint, however, it would not divest this Court of jurisdiction, but would instead trigger the supplemental jurisdiction of the Court.

For all of the foregoing reasons, Defendant Vidant respectfully requests that the Court enter an Order denying plaintiffs' Motion to Remand (Dkt. #27).

Respectfully submitted on this 10th day of November, 2014.

>By: /s/Gary S. Qualls
> N.C. State Bar No. 16798
>
> /s/Kathryn F. Taylor
> N.C. State Bar No. 43933
>
> /s/Susan K. Hackney
> N.C. State Bar No. 32252
>
> /s/Steven G. Pine
> N. C. State Bar No. 44705
>
> K&L Gates LLP
> 430 Davis Drive, Suite 400
> Morrisville, NC 27560
> Telephone: (919) 466-1182
> Facsimile: (919) 5162072
> gary.qualls@klgates.com
> kathryn.taylor@klgates.com
> susan.hackney@klgates.com
> steve.pine@klgates.com
>
> *Attorneys for Defendant University health Systems of Eastern Carolina, Inc. d/b/a Vidant Health*

# EXHIBIT LIST

1. E-mail from Plantiffs' counsel dated August 13, 2014

2. August 14, 2014 Hearing Transcript

3. August 23, 2014 Hearing Transcript

4. Washington Daily News, Article /2014/09/08/hhs-to-investigate-vidant-pungo-closure

5. *Skinner v. First Am. Bank of Virginia*, 64 F.3d 659, 1995 WL 507264, at *3 (4th Cir. 1995) (unpublished opinion)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10, 2014, I electronically filed the foregoing **RESPONSE TO MOTION TO REMAND** with the Clerk of Court using the CM/ECF System which should send notification of such filing to the parties below.

The undersigned hereby also certifies that a copy of the foregoing **RESPONSE TO MOTION TO REMAND** was served upon the following by depositing a copy of the same in the United State mail, and address as follows:

<u>**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**</u>
John B. Tate III
P.O. Box 700
Chocowinity, NC 27817

<u>**VIA UNITED STATES MAIL**</u>
Alan McSurely
109 N. Graham St., Suite 1200
Chapel Hill, NC 27516

<u>**VIA UNITED STATES MAIL**</u>
Scott C. Hart
Post Office Drawer 889
New Bern, NC 28563

This the 10th day of November, 2014.

By: /s/Gary S. Qualls
N.C. State Bar No. 16798

K&L Gates LLP
430 Davis Drive, Suite 400
Morrisville, NC 27560
Telephone: (919) 466-1182
Facsimile: (919) 516-2072
gary.qualls@klgates.com

*Attorneys for Defendant University health Systems of Eastern Carolina, Inc. d/b/a Vidant Health*