NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
                        SUPERIOR COURT DIVISION
COUNTY OF BEAUFORT      FILE NO.  14 CVS 697

_____
TOWN OF BELHAVEN,
NORTH CAROLINA, et al.,
              Plaintiffs

        VS.                  T R A N S C R I P T

PANTEGO CREEK, LLC,
et al.,
              Defendants
_____


    Transcript of motions hearing taken in the

General Court of Justice, Superior Court Division,

Washington County, North Carolina, at the

August 25, 2014 Criminal Session before the

Honorable Milton F. Fitch, Jr., Judge Presiding.


APPEARANCES

Al McShurly
Attorney at Law
109 N Graham Street, Suite 100
Chapel Hill, North Carolina 27516
on behalf of the Plaintiff North Carolina NAACP

John B. Tate, III
Attorney at Law
685 N Carolina 33
Chocowinity, North Carolina 27817
on behalf of the Plaintiff Town of Belhaven,
    North Carolina and Pungo District Hospital
    Community Board

Arey W. Grady, III
Attorney at Law
Post Office Box 889
New Bern, North Carolina 28563
on behalf of the Defendant Pantego Creek, LLC
                (Appearances Continued)

```
 1   APPEARANCES

 2   Scott C. Hart
     Attorney at Law
 3   Post Office Box 889
     New Bern, North Carolina 28563
 4   on behalf of the Defendant Pantego Creek, LLC

 5   Gary S. Qualls
     Attorney at Law
 6   2530 Meridian Parkway, Suite 400
     Durham, North Carolina 27713
 7   on behalf of the Defendant Vidant Health, Inc.

 8   ------------------------------------------------------
     Jenny Clements, RPR
 9   Official Reporter
     Second Judicial District
10   Columbia, North Carolina

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Town of Belhaven, NC, et al. v. Pantego Creek, LLC, et al.

1          THE COURT:  All right.  I'm going to recess

2    your criminal calendar, sir.

3       Parties to the civil matter out of Beaufort County

4    can now assume the counsel tables.

5          MR. WILLIAMS:  Just one second, Your Honor.

6    I'll get all of this stuff out of their way.

7          THE COURT:  Just close it down.  They're not

8    going to need all of that room.

9       Move your bucket and just slide your computer out of

10   the way.

11      Come right on, please, gentlemen.

12          MR. McSHURLY:  May I approach, Your Honor?

13      This is an amended complaint.

14          THE COURT:  This is what now?

15          MR. McSHURLY:  The amended complaint we

16   filed in Beaufort this morning.

17          THE COURT:  All right.  Let the Record

18   reflect that before the Court at this time is 14 CVS 697

19   out of Beaufort County.  The style of the case is

20   Town of Belhaven, North Carolina, North Carolina NAACP,

21   and Pungo District Hospital Community Board, plaintiff,

22   versus Universal -- University Health Systems of Eastern

23   North Carolina, Inc., doing business as Vidant Health,

24   and Pungo Creek, LLC.

25      If the parties will identify themselves for the

1  benefit of the Record.

2          MR. McSHURLY:  I'm Al McShurly from

3  Orange County.  I represent the North Carolina NAACP.

4          MR. TATE:  I'm John Tate.  I'm from

5  Beaufort County, and I represent the Town of Belhaven

6  and the -- I'm sorry -- and the committee -- the

7  hospital committee -- community board -- excuse me --

8  Pungo District Hospital Community Board.

9          THE COURT:  All right.

10          MR. GRADY:  Judge, good morning.

11     Arey Grady, Craven County bar, I represent

12  Pantego Creek, LLC.  I'm joined by my colleague

13  Scott Hart.

14          MR. HART:  Good morning, Your Honor.

15          MR. QUALLS:  And, Your Honor, Gary Qualls

16  from the Durham County bar, representing Vidant Health.

17          THE COURT:  And one is missing.

18     The other is missing from your side; is that right?

19          MR. QUALLS:  Your Honor, my partner from the

20  prior TRO hearing is not here today.

21          THE COURT:  All right.

22     All right.  The purpose of being here today is that

23  ten days ago in Wilson County this matter appeared

24  before this Court on an application for a TRO which was

25  granted, and the matter was set for the hearing of the

1  preliminary injunction for today here.

2      The High Clerk from Beaufort County is present in the

3  courtroom having in his possession a duplicate file in

4  this matter which duplicate file does not contain the

5  TRO.

6              MR. TATE:  It doesn't contain the TRO?

7      I certainly delivered the TRO as requested by the

8  Court.

9              THE COURT:  Check to see, Sir Clerk.  I

10  don't see it unless I overlooked it.

11     Maybe I need to take the fasteners off and see what's

12  underneath what they filed this morning.

13     Does anybody have an extra copy of that TRO that you

14  would let me borrow?

15              MR. HART:  May I approach?

16              THE COURT:  Yes, sir.

17     It was in there out of order.

18              MR. TATE:  Whoa.

19              THE COURT:  All right.  Thank you.

20     It's out of order.  That's what we get when we get a

21  duplicate file.

22     All right.  Parties may proceed.

23              MR. HART:  Your Honor.

24              THE COURT:  Yes.

25              MR. HART:  A moment with the Court prior to

1    the motion, on August 19, last Tuesday, the defendants

2    in this matter filed a notice of removal of this case to

3    federal court --

4            THE COURT:  All right.

5            MR. HART:  -- federal causes of action in

6    it.  There were some indications at least on Friday of

7    last week via e-mail counsel for the plaintiff --

8    plaintiffs were served via regular mail on the 18th --

9            THE COURT:  All right.

10           MR. HART:  -- contacted the clerk's office

11   in Beaufort County on Friday and was told via telephone

12   that the removal notice had been received by the clerk

13   in Beaufort County --

14           THE COURT:  All right.

15           MR. HART:  -- and so under the terms of

16   Rule 12 as well as the federal rules it's the position

17   of the defendant that upon the notice of that removal

18   being filed that this matter is now pending in federal

19   court before Judge Dever.

20           THE COURT:  I think you're absolutely

21   correct.

22           MR. McSHURLY:  Your Honor, may I be heard?

23           THE COURT:  Yes, sir.

24           MR. McSHURLY:  The notice of -- the federal

25   procedure which I know -- 1446 which I have a copy of of

1   what they're supposed to do to remove it -- may I

2   approach, Your Honor?

3           THE COURT:  Yes.

4           MR. McSHURLY:  Notice that was filed in --

5   in Beaufort Superior Court the clerk's -- which we got

6   from -- my partner here got it from the clerk's office

7   there on Friday, had no attachments to it.

8       If you will see, the procedure for removal -- this is

9   on the grounds, as you're familiar with, Judge Fitch,

10  that somehow our initial complaint which we amended had

11  some kind of federal action in it, and, therefore, the

12  defendants believe that they would get a fair shake in

13  federal court if they moved it to federal court rather

14  than leave it here.

15      Number one, we object to their position that they

16  have actually effectuated the removal because they

17  failed to -- if you'll see the underline in 1446(a),

18  together with a copy of all process, pleadings, and

19  orders served upon such defendant or defendants in such

20  action.  They did not file a copy of the complaint or

21  any of the pleadings including your TRO with the federal

22  court or with the Beaufort County Court, so that removal

23  has not been effectuated in the proper manner.

24      We have also -- they also apparently misunderstood

25  because the only mention of any federal issue in this

1   case was the fact that the NAACP had filed a Title VI

2   which, of course, is a federal complaint to the office

3   of health and human services up in D.C. which got

4   referred to Atlanta, and that complaint is moving along.

5   This has nothing to do with that complaint.  That

6   complaint is in Atlanta.  They -- Atlanta office of

7   civil rights has been sent out interrogatories, has been

8   in touch with both of these defendants and asked them to

9   respond to that complaint.  That complaint has nothing

10  to do with this -- asking this Court to step in in a

11  state action under unfair trade practices, civil rights,

12  and we've added a third claim today of reverter action

13  which we ask you to hear.

14      Secondly, the civil rights complaint which in the

15  first complaint did say the civil rights claim and the

16  first complaint did say that there -- there had been a

17  Title VI claim filed, and I'm assuming that's the hook

18  they want to hang this on to get it into federal court,

19  to get it out of your court.  If you will read the

20  original complaint and you'll read our amended complaint

21  which is before you today -- where's a copy?

22      You will see that this -- this is the claim --

23  complaint I brought up to you, Judge.  On page two, this

24  is a claim that comes directly under North Carolina

25  General Statute 99D-1.  You're very familiar with that,

1   and I'll -- if I may approach, I'll show you the essence
2   of this civil rights complaint.  It has absolutely
3   nothing to do with the feds.  There's no federal
4   jurisdiction over 99D-1.
5       As you may recall, Judge, this was passed in 1987
6   after a series of -- of accidents, some out here in the
7   east, and the General Assembly in its wisdom decided
8   that the -- the state needed a statutory method of
9   dealing with possible conspiracies to violate people's
10  civil rights.  It's called civil rights, and it's called
11  interference with civil rights, 99D-1, and we have pled
12  this in more detail at this -- in our second amended
13  complaint.  Take a moment to read that, and you read our
14  compliant, this has nothing to do with any federal
15  action; of course, the first ten days ago when we met in
16  Wilson, that had nothing to do with any federal action
17  too, so it's a very, very slim reed that they're
18  standing on.
19      We, of course, believe that the federal claim of the
20  NAACP, not of the Town, is a viable claim under
21  Title VI.  There's no litigation under Title VI as you
22  know directly.  I know you recall how Title VI was used
23  to segregate the schools, and this is totally separate
24  and apart from that, and I know I -- I'm arguing -- I
25  would make the same argument to the federal court if

1    they possibly want to hear it, but I want you to know

2    that right now this -- this notice of removal has been

3    -- not filed as per the rule.  That's number one and,

4    number two, has no merit, no standing at all --

5              THE COURT:  What says you as to the

6    assertion that the statute has not been filed -- the

7    removal has not been proper under --

8              MR. GRADY:  Judge, if I may approach, we

9    have a copy of what we filed with the federal court.  It

10   is a detailed notice of removal, attached is the

11   exhibits.  We have a copy of the complaint as actually

12   filed during the TRO hearing two weeks ago in Wilson.

13   It contains the exhibits that were attached to the

14   complaint, and, Your Honor, it contains a copy of the

15   temporary restraining order you entered.

16      May I approach and tender this?

17             THE COURT:  Yes.

18             MR. GRADY:  Your Honor, even if for some

19   reason there is an arguable procedural or other claim

20   that this case should not be in federal court, as

21   Your Honor is well aware, that's a matter for the

22   federal court to decide.  Rule 12 essentially says once

23   the petition is filed, the state court will have no

24   further proceedings on the matter.  Plaintiffs can

25   address any arguments they have as to the sufficiency of

1    the process or to the federal court's jurisdiction to

2    the federal court, and the federal court can absolutely

3    remand it to this court, Your Honor.

4              THE COURT:  I think you're correct in

5    procedure.  Notice is sufficient, the paperwork has been

6    done; thus, this Court is divested of responsibility in

7    it.

8      The process, as I understand removal, is that now

9    that the paperwork has been filed, the federal court has

10   a decision to make as to whether or not it actually

11   accepts the matter.  If it doesn't accept the matter,

12   then the matter comes back.  The only thing that leads

13   us to at this time is what is the status of the

14   restraint at this time.

15     It's my understanding that the restraint is in place

16   until another court overturns that restraint.  Now the

17   restraint was for ten days, and the ten days expires

18   today.  I guess by way of dictum or otherwise the

19   parties who are the defendants should understand that

20   this Court will not -- should it not be accepted by the

21   federal court, this Court will not look friendly on the

22   fact that you go around and use this as a technical way

23   to just usurp this Court's authority by doing those

24   things that we've asked you not to do during the

25   pendency of the ten days.

1    If the federal court grabs the case, then so be it.

2  If the federal court does not grab the case, then we're

3  back to where we are.  The status quo was intended to be

4  kept, and the status quo shall be kept until this matter

5  lands one place or the other.

6    All parties understand?

7  (Gestures made.)

8                MR. GRADY:  Yes, sir.

9                MR. HART:  Yes, sir.

10               THE COURT:  I don't understand the nod of a

11  head.

12               MR. GRADY:  Yes, sir.  We understand what

13  you're talking about.

14               THE COURT:  I need you to put it on the

15  Record that you understand where we are.  If that's the

16  way we leave here, then nobody is harmed one way or

17  another.

18    Don't sell, don't do, don't remove, don't do any of

19  those things that you were restrained from doing until

20  the federal court tells you yea or nay.  If we move from

21  this point with that understanding, then I don't see

22  anything else for me to do in this matter.

23               MR. GRADY:  Yes, sir.

24               THE COURT:  All right.

25               MR. HART:  Thank you, Your Honor.

1            MR. TATE:  Thank you very much, Your Honor.

2            MR. GRADY:  Your Honor, would you like for

3  me to retrieve that paperwork?

4            THE COURT:  I'm going to give it back to

5  you.

6            MR. McSHURLY:  We would love to see one too,

7  Your Honor, since we've not been served.

8            MR. GRADY:  You were served by mail and --

9            THE COURT:  Well, I don't want to get into

10  all of that.  Y'all can have those conversations

11  elsewhere outside the presence of this Court.

12            MR. GRADY:  Thank you, Your Honor.

13            MR. QUALLS:  Thank you.

14            THE COURT:  Court will take a fifteen

15  minutes recess.

16

17

18

19

20

21

22

23

24

25

Town of Belhaven, NC, et al. v. Pantego Creek, LLC, et al.

1 ----------------------------------------

2       END OF TRANSCRIPT

3 ----------------------------------------

4

5  This is to certify that the foregoing transcript of

6 proceedings taken at the August 25, 2014 Session of

7 Criminal Superior Court is a true and accurate

8 transcription to the best of my ability and

9 understanding of the proceedings taken by me in machine

10 shorthand and transcribed by me personally.

11  This the 2nd day of September 2014.

12

13

14 _____
  Jenny B. Clements, RPR

15 Official Court Reporter
  Post Office Box 401

16 Columbia, North Carolina 27925
  Phone:  (252) 796-1643

17

18

19

20

21

22

23

24

25

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
                                 SUPERIOR COURT DIVISION
COUNTY OF BEAUFORT               FILE NUMBERS:  14 CVS 697


TOWN OF BELHAVEN,
NORTH CAROLINA, et al.,
          Plaintiffs

          VS.                         CERTIFICATE OF DELIVERY

PANTEGO CREEK, LLC,
et al.,
          Defendants


     This is to certify that the transcript in the

above-entitled case, pages 1 through 14, was ordered of

Jenny Clements on the 29th of August 2014 and was electronically

delivered to Ms. Carolyn Hall, carolyn.hall@klgates.com

on the 2nd day of September 2014.

                              Jenny Clements, RPR
                              Official Court Reporter